LEMMON, Judge.
The court adopts the attached opinion of the Civil Service Commission as the opinion of this court.
The judgment is affirmed.
AFFIRMED.
CITY OF NEW ORLEANS CIVIL SERVICE COMMISSION NO. 1031
Appellant, Lionel M. Treadaway, who is employed as a police officer by the New Orleans Department of Police, was suspended by that department for a period of seventy-five (75) days from March 3, 1977 through May 16, 1977.
The reasons for the suspension are stated in a letter under date of March 11, 1977 from the Superintendent of Police to appellant. Basically, appellant is disciplined under Rule IX, Section 1, Paragraph 1.1 of the Rules of the Civil Service Commission for the City of New Orleans which provides in part that the appointing authority may discipline within its discretion an employee under its charge who is unable or unwilling to perform the duties of his position in a satisfactory manner or has omitted to perform any act that it was his duty to perform.
The matter was assigned by the Civil Service Commission to a Hearing Examiner pursuant to Article X, Section 12 of the Constitution of the State of Louisiana (1974). The hearing was conducted on Wednesday, July 6, 1977 before Hearing Examiner Thomas L. Gaudry, Esq. The testimony presented at said hearing was transcribed by a reporter and a copy of said transcript and all documentary evidence have been reviewed by each member of the Civil Service Commission.
This appeal presents us with two issues; first, whether the appointing authority erred in concluding that appellant failed to do something that he was required to do under departmental regulations; second, whether the appointing authority abused its discretion in suspending appellant for seventy-five (75) days for his failure to perform the required tasks.
The first issue is easily settled on the basis of the record. The appointing authority did not err in finding that appellant failed to do what he was required to do under departmental regulations.
Articles 52, 53, Paragraph C, Numbers 4 and 54 of the Rules for the Administration of the Department of Police impose a clear duty upon employees of that department to obey rules, regulations or instructions, whether oral or written, which are promulgated by authorized personnel.
The pertinent department rules are (1) that an officer may not abandon his assigned area of patrol without permission of the radio dispatcher or a supervisory officer; and (2) that an officer may not take a lunch break without permission of his platoon supervisor.
The record shows that appellant went outside of his area of patrol without authority on January 26, 1977. Appellant stated that he did so to investigate a report of an attempted breaking and entering into his partner’s apartment. He argues that since the apartment was located in the vicinity of the Howard Johnson and the Tastee Donuts establishments in which by custom he was allowed to take his meals, that his trip to his partner’s apartment did not constitute abandonment of his patrol area.
The argument is without merit on the issue of whether he failed to obey the rules of the department and what weight it has goes more to the issue of mitigation.
The record further shows that appellant took his meals without first receiving the permission of his platoon supervisor.
Appellant rather lamely argues that he was not aware of the pertinent departmental rules. However, that claim has never constituted a justification for failure to follow clearly promulgated regulations. In fact, that claim does not even amount to a mitigating circumstance inasmuch as the City at the very least has a right to expect its police officers to make themselves aware of the rules and regulations that govern their conduct.
*1174 With respect to the second issue, this commission holds that the appointing authority did not abuse its discretion in assessing the penalty of seventy-five (75) days suspension against appellant.
Prior to the violations which are the subject of this appeal, appellant had been assessed a seventy-five (75) day suspension for similar violations.
Apparently, appellant had not yet realized at the time of this offense the seriousness of his duty to faithfully follow the rules and regulations of the Department of Police.
The appeal is dismissed.
RENDERED AT NEW ORLEANS, LOUISIANA THIS 25th DAY OF OCTOBER, 1977. ’
CITY OF OF NEW ORLEANS
CIVIL SERVICE COMMISSION
(s) Trevor G. Brvan_
Trevor G. Bryan
Commissioner
CONCURS:
(s) Marcel Garsaud. Jr. (s) Norris V. Fitzmorris
Marcel Garsaud, Jr., Norris V. Fitzmorris,
Chairman Commissioner
(s) Wood Brown. Ill
Wood Brown, III,
Commissioner